Tayiok, Chief-Justice,
 

 delivered the opinion of the Court:
 

 If the cause of action had accrued to the wife after she-came of age, and before her marriage, the statute began to run, and the subsequent coverture could not stop it. No deduction can be made from the facts in this case, which will, in point of law, entitle the Plaintiff to a neiv trial. For if the hiring ivas from year to year, and nothing was positNely agreed on between the parties, then the year’s service ought to have been completed before any right of action could accrue to the Plaintiff’s wife. But if such a contract had been made, and before the end of the year, put an end to by the consent of the parties, and a new one made, by which the services were to be paid for
 
 pro rata,
 
 the wife was then of full age and sole. If the contract might be put an end to at the option of either party, the1 wife put an end to it by the marriage, and at that time she was of full age. Upon the first supposition, no cause of action for the last year ever existed. Upon the two last,
 
 *169
 
 a cause of action accrued to a person who, at the time, was under no
 
 disability;
 
 and more than three years have elapsed since it did accrue. So that whichever way it he viewed, the verdict was right. The rule for a new trial must be discharged.